LEAGUE CITY, Appellant,

v.

CITY OF CLEAR LAKE SHORES, et al., Appellees.

No. 386.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 4, 1970.

John Wildenthal, Houston, for appellant.

Roland Matthews, Troup, Michael R. Waller, Childs, Fortenbach, Beck & Guyton, Houston, for appellees.

SAM D. JOHNSON, Justice.

This is a case involving apportionment between two cities of overlapping extraterritorial jurisdiction under The Municipal Annexation Act, Art. 970a, Vernon's Ann.Civ.St.

This case was initiated by Henry M. Anderson, trustee, who was, at the time of filing his petition, the owner of a 107-acre tract over which this controversy arose. His suit sought declaratory relief of a municipal annexation controversy between two cities, the City of League City and the City of Clear Lake Shores, both of which had adopted annexation ordinances covering his property. Neither Anderson's suit nor the annexation ordinances of the two cities presents any question for determination here. Anderson's suit did serve to bring both cities into court, however, where both filed pleadings praying for apportionment under the provisions of the Municipal Annexation Act. It is the controversy between the two municipalities over such apportionment that is the basis of the instant suit.

Section 3B of the Municipal Annexation Act provides for determination by the District Court in instances where cities have duplicating or conflicting extraterritorial jurisdiction in overlapped areas. It provides:

"* * * In effecting such apportionment, the district court shall consider the population densities and patterns of growth, transportation, topography, and land utilization in the cities concerned and in the overlapped area. The territory so apportioned to a city shall be contiguous to the extraterritorial jurisdiction of such city. In the event the extraterritorial jurisdiction of a city is

totally overlapped, the territory so apportioned to such city shall be contiguous to the corporate boundaries of such city. Such territory so apportioned shall be in a substantially compact shape. Such overlapped area shall be apportioned among such cities in the same ratio (to one decimal) as the respective populations of the cities concerned bear to one another, but in such apportionment no city shall receive less than one-tenth ($\frac{1}{10}$) of such overlapping area. Provided, however, that any apportionment made under the provisions of this Subsection shall give consideration to existing property lines, and no tract of land or adjoining tracts of land, under one ownership upon the effective date of this Act and not exceeding one hundred and sixty (160) acres in size shall be apportioned so as to be within the extraterritorial jurisdiction of more than one city unless the landowner consents in writing to such apportionment."

The 107-acre Anderson tract lies within the extraterritorial jurisdiction of both City of League City and the City of Clear Lake Shores. The pleadings of the two cities put in issue the apportionment of something in excess of 600 acres which included the Anderson tract.

Trial was to the court without a jury. The trial court entered judgment denying all relief as to the ordinances of annexation of the two cities. Further, the judgment of the trial court apportioned all of the overlapping extraterritorial jurisdiction to one or the other of the two cities by specifying a line of division through the area which lay between them. Such line divided a portion of the Anderson tract to each of the two municipalities. Approximately 43 acres, a part of which had been developed as a marina, and which was adjacent to the City of Clear Lake Shores, was apportioned to that city. The other approximately 64 acres adjacent to League City was apportioned to that City. It is from such judgment that the City of League City prosecutes this appeal. The

City of Clear Lake Shores and Anderson are appellees.

■ Appellant first contends that the trial court abused its discretion in making the described apportionment. It is the essence of appellant's contention that the trial court should have given to, and followed, the boundaries of a pre-existing water control and improvement district. Such water control and improvement district pre-dated the municipalities here involved and provided service to the City of Clear Lake Shores and another uninvolved municipality (Kemah) as well. The water control district provided no service to the City of League City, however, and a portion of the area within the water control district was included in the area apportioned to the City of League City. Appellant contends that the court's action in making such apportionment to it was an abuse of discretion because it will result in dual taxation, administrative problems and engender a chaotic governmental condition. Appellant's first point of error will be overruled.

We believe it to be clear that the legislature has attempted to provide a comprehensive plan for settling controversy surrounding municipal annexation and claims of contending and competing municipalities. The guidelines to be used by the district courts in determining the apportionment of overlapping extraterritorial jurisdiction are quite clear. Such guidelines contain no reference to the existence of water control and improvement districts whose boundaries are located within or partially within such overlapping extraterritorial jurisdiction. The legislature was undoubtedly mindful of the existence of water control and improvement districts when it enacted Art. 970a as witnessed by the provisions relating thereto in Sec. 8B of the Act. Appellant's contention would require that all of the water district property be apportioned to the City of Clear Lake Shores and all the remainder outside the water district be apportioned to League City. Had the district court done so it would have

ignored the statutory guidelines set forth in the Act and done violence to the mathematical apportionment ratio provided for therein. The result sought by the appellant would compel a judicial rewriting of the Act.

Further, there is no resulting dual taxation which stems from the court's judgment of apportionment. The right of taxation accompanies annexation, not apportionment, and of course apportionment and annexation are not synonymous terms. Even if annexation does eventually occur, which is by no means certain, and such property does become subject to such taxation it might be excluded under the provisions of Art. 7880–76, V.A.C.S.

The existence of a water central and improvement district within the overlapping extraterritorial jurisdiction of two or more cities was not made a guideline for apportionment by the Act. Indeed, it was not even made a factor to be considered. We find no abuse of discretion on the part of the trial court in not following a standard omitted from the Act and which would do violence to the language employed. Appellant's first point of error is overruled.

■ Appellant's second point of error is to the effect that Anderson did not own all of the 107-acre tract, that he had conveyed a portion of it, and that he therefore could not consent to the apportionment of what he did not own. It is to be recalled that the Act forbids apportioning a tract of less than 160 acres to more than one city unless the landowner consents. Appellant concedes, however, that Anderson was the owner of the entire tract when his petition was filed and that his consent was given. Appellant's contention is solely supported by the instruments accompanying its motion for new trial which assert that Anderson had conveyed portions of his tract to new owners who would not consent to the division set forth in the judgment. Appellant's second point of error will be overruled.

From all the evidence in the record before the trial court, Anderson, as trustee, was the owner of the 107 acres and consented to the apportionment. This was the state of the record when the trial court rendered its decision. The only allegation of contrary ownership appears in appellant's motion for new trial, on which no request for hearing was made and which was allowed to be overruled by operation of law. While the Municipal Annexation Act does not specify the inquiry to be made by the district court relative to ownership, or continued ownership, we believe it may rely upon the principle that once it has acquired jurisdiction of the suit or action it is entitled to proceed without interference to the final exercise of its jurisdiction. See Lis Pendens, 37 Tex.Jur.2d 408. Appellant's second point of error is overruled.

Appellant's third point of error is considered to be moot and is overruled. The cross-points of error assigned by appellees are urged only on the condition that the instant case be not affirmed. In view of the disposition here made we give no consideration to such cross-points of error.

The judgment of the trial court is affirmed.